```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID SHERMAN,

                    Plaintiff,
                                                                    OPINION AND ORDER
        -against-                                                   06-CV-5979 (NG) (LB)

DAVID BLACK and MARGARET
SPELLINGS,

                    Defendants.
------------------------------------------------------------x
```

**GERSHON, United States District Judge:**

*Pro se* plaintiff David Sherman ("Sherman") filed the instant action against defendants David Black ("Black"), Deputy Assistant Secretary of Education, and Margaret Spellings ("Spellings"), Secretary of Education. Plaintiff alleges that he was discriminated against based on a psychiatric disability, in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, when the State University of New York Downstate Medical Center, College of Medicine ("SUNY Downstate"), dismissed him from its medical program. Plaintiff seeks judicial review, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, of a decision by the United States Department of Education, Office for Civil Rights ("OCR"). He alleges that the federal agency abused its discretion by failing to investigate plaintiff's claims of discrimination, and failed to follow its procedures to provide plaintiff with "conflict resolution" following his dismissal from the medical program. Plaintiff also seeks mandamus relief pursuant to 28 U.S.C. § 1361, compelling defendants to commence conflict resolution proceedings between him and SUNY Downstate.

Defendants seek dismissal of all claims pursuant to Rule 12(b)(1) of the Federal Rules of

Civil Procedure for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons set forth below, defendants' motion to dismiss is granted.

## I.  BACKGROUND

### A.  Factual Allegations

The factual allegations in plaintiff's complaint are taken as true and all reasonable inferences are drawn in plaintiff's favor.

On June 24, 2002, Lorraine Terracina, Ph.D., Dean of Students, SUNY Downstate College of Medicine, wrote a letter to Sherman, informing him that the Third and Fourth Year Grades Committee ("Grades Committee") recommended that he take a leave of absence from his medical studies. The letter stated that, after reviewing Sherman's grades, which included a failing grade in Medicine Clerkship and "conditional" grades in Surgery Clerkship and Women's Health Clerkship, as well as Sherman's level of anxiety that affected his ability to "master the course material," the Grades Committee thought that he would benefit from this leave of absence. The Grades Committee also recommended that Sherman repeat his third year of medical school and be placed on academic probation upon his return. Sherman decided not to take the recommended leave of absence, and instead, he repeated his third year of the medical program. Sherman was placed on probation for the 2002-2003 academic year; therefore, any deficient academic performance would potentially result in his dismissal from the College of Medicine.

Upon repeating his third year of medical studies at SUNY Downstate, Sherman again received a failing grade in Medicine Clerkship, and, on May 6, 2003, he was dismissed from the College of Medicine. Sherman was scheduled to appeal his dismissal to the Academic Promotions

2

Committee ("Promotions Committee") on May 9, 2003, but he requested a postponement "because of exacerbation of depression." On May 20, 2003, he appeared before the Promotions Committee. On May 21, 2003, the Promotions Committee unanimously decided to uphold Sherman's dismissal. On August 5, 2003, Dr. Eugene B. Feigelson, M.D., Dean, SUNY Downstate College of Medicine, upheld the Promotions Committee's decision.

**B. Procedural History**

On November 14, 2003, Sherman filed a complaint against SUNY Downstate with OCR's New York Regional Office. In the administrative complaint, Sherman claimed that, when SUNY Downstate dismissed him from its medical program, it discriminated against him on the basis of an alleged psychiatric disability. Specifically, the complaint alleged that SUNY Downstate discriminated against Sherman by: (1) failing to provide him with academic adjustments during the 2000-2001, 2001-2002, and 2002-2003 academic years; (2) dismissing him from the medical school for behavior that was directly caused by his psychiatric condition that he characterized as a disability; and (3) failing to follow its own procedures and student safeguards concerning dismissal from the program.

On February 27, 2004, OCR closed Sherman's case after determining that he failed to provide sufficient factual information to indicate a violation of either Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, or the ADA, 42 U.S.C. §§ 12131 *et seq*. OCR determined that Sherman's first allegation was untimely because he filed his administrative complaint more than 180 days after the school's purported failure to provide academic adjustments. Notwithstanding the untimeliness of his complaint, OCR determined that Sherman's claim would have failed because he did not provide OCR with facts indicating that he

provided SUNY Downstate with appropriate documentation of his disability thereby establishing a need for academic adjustments. OCR also concluded that there was no basis to investigate Sherman's second and third allegations. As to his second allegation, OCR found that Sherman failed to provide any information that he notified the Promotions Committee of his disability and, therefore, it could not have been a consideration in any of its actions. Instead, the documentation Sherman submitted to OCR in support of his complaint indicated that he told the Promotions Committee that his poor evaluations were due primarily to his having informed two faculty members that he was repeating the Medicine Clerkship. Also, the documentation indicated that Sherman declined to provide the Promotions Committee with an explanation for his forgery of a faculty supervisor's initials on an official Medicine Clerkship form. With respect to his third allegation, OCR found that Sherman provided no information to suggest that SUNY Downstate's failure to follow its internal procedures "was different treatment based on disability."

On April 9, 2004, Sherman requested reconsideration of OCR's decision to close his case. On March 18, 2005, Randolph Wills, OCR New York Regional Director, denied plaintiff's request. Sherman subsequently appealed to David Black, Deputy Assistant Secretary for Enforcement of OCR. On October 31, 2005, Black upheld the decision by OCR's New York Regional Office, agreeing that SUNY Downstate had legitimate, non-discriminatory reasons for dismissing Sherman from its medical program. This constituted a final agency determination.

On November 7, 2006, Sherman commenced this federal action against defendants Black and Spellings, officials of the United States Department of Education, seeking an order compelling OCR to conduct conflict resolution proceedings, with the ultimate goal of reaching an agreement with SUNY Downstate allowing Sherman to resume his medical studies at SUNY Downstate. On

February 12, 2007, defendants filed a motion to dismiss plaintiff's complaint, arguing, *inter alia*, that "pursuant to [the Rehabilitation Act and the ADA], the appropriate remedy for discrimination by a federal fund recipient is a suit against the allegedly discriminatory entity." Defs.' Br. at 7. In response, Magistrate Judge Lois Bloom issued an order, dated February 15, 2007, giving plaintiff until March 19, 2007 to oppose defendants' motion to dismiss and stating, "[i]n the alternative, plaintiff may file an amended complaint, . . . deleting the [federal] defendants and naming different defendants, as it appears that plaintiff was a medical student at [SUNY Downstate]."[1] Sherman did not file an amended complaint. However, in his opposition to defendants' motion to dismiss, Sherman explained that he "did not claim jurisdiction under Section 504 of the Rehabilitation Act."[2] Pl.'s Br. at 10. Therefore, the court will address only plaintiff's claims under the ADA and APA, as well as his request for mandamus relief.

## II. DISCUSSION

### A. Standard of Review

On a motion to dismiss for failure to state a claim, the allegations in the complaint are

---

[1] Magistrate Judge Bloom also advised plaintiff that, in any action against SUNY Downstate, plaintiff could pursue only claims under the Rehabilitation Act, as any claims under the ADA against the State or any agency of the State are foreclosed by the Eleventh Amendment. The court notes that actions against the States for relief other than money damages are not barred by the Eleventh Amendment. In addition, the extent to which Title II of the ADA abrogates sovereign immunity has been the subject of recent case law. *See United States v. Georgia*, 546 U.S. 151 (2006); *Tennessee v. Lane*, 541 U.S. 509 (2004); *see also Olson v. New* York, No. 04-CV-00419, 2007 WL 1029021 (E.D.N.Y Mar. 30, 2007); *Castells v. Fisher*, No. 05-CV-4866, 2007 WL 1100850 (E.D.N.Y. Mar. 24, 2007).

[2] Citing plaintiff's opposition brief, defendants contend that Sherman "expressly waives the Rehabilitation Act and the Americans with Disability Act ("ADA") as bases of jurisdiction for his federal court action." Defs.' Reply at 1. There is nothing in plaintiff's opposition brief that indicates plaintiff is withdrawing his ADA claim. The court will therefore address this claim.

accepted as true. *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998). The court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, citations, and alterations omitted). Indeed, a plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. This "plausibility standard" is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). *Pro se* complaints, "however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers" and are to be construed liberally on a motion to dismiss. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (citation and internal quotations omitted); *Boddie v. Schneider,* 105 F.3d 857, 860 (2d Cir.1997). Thus, the court must interpret plaintiff's pleadings as "raising the strongest arguments they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotations marks omitted).

With respect to subject matter jurisdiction, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). Because subject matter jurisdiction is a

threshold matter, the court must address defendants' Rule 12(b)(1) motion first. *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

## B. Plaintiff's ADA Claim

Sherman alleges that SUNY Downstate discriminated against him based on a psychiatric disability, in violation of Title II of the ADA, 42 U.S.C. §§ 12131 *et seq.*, when it dismissed him from its medical program. Title II prohibits discrimination against a disabled individual regarding access to public services. 42 U.S.C. §12132 ("No qualified individual with a disability shall . . . be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). The public entities defined in the ADA are state or local governments and their instrumentalities. 42 U.S.C. § 12131(1). The United States, its agencies, and employees are not public entities under the ADA. *Cellular Phone Taskforce v. FCC,* 217 F.3d 72, 73 (2d Cir.2000) (holding that Title II of the ADA is not applicable to the federal government); *Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 275 (E.D.N.Y. 2005). Sherman's ADA claim is therefore dismissed for lack of subject matter jurisdiction.[3]

---

[3] As noted above, plaintiff expressly stated that he is not bringing a claim against defendants under Section 504 of the Rehabilitation Act. In any event, such a claim would be dismissed because plaintiff does not have a private right of action against the United States Department of Education or its officials for alleged discrimination by a recipient of federal funds. *See Women's Equity Action League v. Cavazos*, 906 F.2d 742, 750 (D.C. Cir. 1990); *Marlow v. United States Dep't of Educ.*, 820 F.2d 581, 583-84 (2d Cir. 1987). In *Marlow*, the Second Circuit recognized that some courts have allowed a right of action against the funding agency in narrow circumstances, *i.e.* where there are allegations that the agency expressly abdicated its enforcement duties; was using improper procedures for approving funded programs; acquiesced or actively participated in discriminatory practices; or wrongly refused to pursue further action when efforts to achieve voluntary compliance have failed. 820 F.2d at 583. Plaintiff's claims, however, do not fit into any of these narrow circumstances, as he is challenging only the disposition of his individual complaint. *Id.*

## C. Plaintiff's APA Claim

Sherman requests that the court set aside the OCR's decision, pursuant to the APA, 5 U.S.C. §§ 706(2)(A) & (D), on the grounds that the agency's decision not to investigate his claims of discrimination was an abuse of discretion, and that OCR failed to follow its procedures to provide "conflict resolution," as provided for in the OCR Case Resolution and Investigation Manual ("OCR Manual"), following his dismissal from the medical program.

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. An individual so aggrieved may obtain judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Here, Sherman can bring an action directly against SUNY Downstate. This right of action is adequate to redress his claims of alleged discrimination and therefore precludes a remedy under the APA. *See Marlow,* 820 F.2d 581, 583 n.3 (noting that the APA "restricts judicial review to those agency actions for which there is no other adequate remedy in court."); *Women's Equity Action League*, 906 F.2d at 750-51(plaintiffs with remedies against parties other than administrative agency are not entitled to APA review of the agency's action). Thus, plaintiff's APA claim is dismissed for lack of subject matter jurisdiction.

## C. Mandamus

Sherman also seeks mandamus relief, pursuant to 28 U.S.C. § 1361, to compel defendants to begin what he refers to as "conflict resolution proceedings," as provided for in the OCR Manual, so that he may resume his medical studies at SUNY Downstate.

Title 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of

8

any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is "an extraordinary remedy to be invoked only in exceptional circumstances." *Agunbiade v. United States,* 893 F. Supp. 160, 163 (E.D.N.Y. 1995) (citing *Kerr v. United States Dist. Court for the N. Dist. of California*, 426 U.S. 394, 402 (1976)); *see Allied Chemical Corp. v. Daiflon,* 449 U.S. 33, 34 (1980). "[D]etermination of mandamus jurisdiction necessarily encompasses on-the-merits analysis of whether a mandamus writ should issue." *CETA Workers' Org. Comm. v. City of New York*, 617 F.2d 926, 936 (2d Cir. 1980); *see Ocuto Blacktop & Paving Co., Inc., v. Perry*, 942 F. Supp. 783, 786 (N.D.N.Y. 1996). The Second Circuit has established three prerequisites to obtaining mandamus relief: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (citations and internal quotation marks omitted).

Sherman has not established that he has a clear right to conflict resolution or that OCR has a "peremptory duty" to initiate conflict resolution proceedings between him and SUNY Downstate. Nothing in the Department of Education's implementing regulations, 34 C.F.R. §§ 100.1-100.11, which govern OCR's enforcement procedures, requires the agency to initiate conflict resolution. Plaintiff refers to the OCR Manual to show that the agency had a duty to provide conflict resolution. No such duty exists. Section 201 of the OCR Manual states that, "[i]f the office determines that ECR [Early Complaint Resolution] is appropriate and the complainant and the recipient are willing to proceed . . . the office will initiate ECR." This language does not create an affirmative duty to provide conflict resolution. Any decision to do so is wholly discretionary, and contingent on the agreement of both parties.

9

Also, Sherman has not established that he has no other adequate remedy available. As explained above, he may bring an action against SUNY Downstate for alleged discrimination and for reinstatement to its medical program. The court therefore lacks jurisdiction under 28 U.S.C. § 1361. *See Women's Equity Action League*, 906 F.2d at 751 (finding that "a determination that an APA action is barred by another remedy therefore demands the further conclusion that mandamus is not available"). Accordingly, plaintiff's request for an order compelling defendants to conduct conflict resolution between him and SUNY Downstate is dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted. The Clerk of Court is directed to enter judgment in favor of defendants and close this case.

**SO ORDERED.**

**/s/ *Nina Gershon*** 
**NINA GERSHON**
**United States District Judge**

Dated: September 26, 2007
Brooklyn, New York